IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY HALLBERG,**<br><br>*Petitioner,*<br><br>v.<br><br>**ATTORNEY GENERAL OF PENNSYLVANIA,** *et al.*<br><br>*Respondents.* | Case No. 2:20-cv-2347-JDW |

## MEMORANDUM

Before the Court is the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by state prisoner Timothy Hallberg. For the reasons that follow, the Court will dismiss without prejudice.

### I.   BACKGROUND

Timothy Hallberg was arrested on January 25, 2019. He is incarcerated at the Montgomery County Correctional Facility in Eagleville, Pennsylvania, awaiting trial. Mr. Hallberg had his preliminary hearing in February 2019, and his formal arraignment in April 2019. Then, a pretrial conference was scheduled for May 30, 2019. Over the next several months, Mr. Hallberg's counsel requested six separate continuances. Each time, the Montgomery County Court of Common Pleas rescheduled his pretrial conference. Meanwhile, Mr. Hallberg's counsel moved to withdraw, and the state court appointed a public defender to represent him.

On March 16, 2020, while Mr. Hallberg was awaiting his pretrial conference, the Pennsylvania Supreme Court declared a statewide judicial emergency as a result of the COVID-19 outbreak. That order authorized President Judges to suspend the operation of Pennsylvania Rule

of Criminal Procedure 600. The Supreme Court continued the judicial emergency until June 1, 2020.

On April 7, 2020, Mr. Hallberg filed a *pro se* speedy trial motion in state court under Pennsylvania Rule of Criminal Procedure 600. His motion requested nominal bail or the immediate dismissal of the charges filed against him. The motion is pending in Montgomery County Court of Common Pleas. Mr. Hallberg contends the delay in his Rule 600 hearing violates his constitutional rights under the Fourteenth Amendment's Due Process Clause. Mr. Hallberg requests that this Court issue a Writ of Habeas Corpus requiring he be released or have his matter heard immediately.

## II.   DISCUSSION

A writ of habeas corpus challenges the legal authority under which a prisoner is held in custody. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust state remedies by presenting any federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This exhaustion requirement is "grounded in the principles of comity," requiring states to be given "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This rule means that a district court must dismiss a federal habeas petition when the petitioner has available remedies in the state court. *See Rhines v. Weber*, 544 U.S. 296, 273-79 (2005). "[T]he exhaustion requirement does not foreclose federal relief, but merely postpones it." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1998).

Mr. Hallberg has not exhausted the state remedies available to him. He filed a motion under Rule 600 in state court. The state court has not ruled on that motion. He has not raised any other

constitutional claims in state court, nor has he finished a "complete round of the State's established appellate review process" on his current claim. *O'Sullivan*, 526 U.S. at 845. Until the state courts have an opportunity to hear and rule on all of Mr. Hallberg's state and constitutional claims, he has not met the exhaustion requirement. A federal court review at this time would be premature, and thus Mr. Hallberg's federal claim must be dismissed.

Mr. Hallberg cannot avoid the exhaustion requirement by suggesting exhaustion would be futile. Pennsylvania's judicial emergency delayed consideration of Mr. Hallberg's Rule 600 motion. But it has not foreclosed it. The Montgomery County Court of Common Pleas re-opened on June 1, 2020, upon the expiration of the judicial emergency. Nothing before the Court suggests that Mr. Hallberg cannot present his claim in that Court. He has to do so before coming to federal court.

### III.   CONCLUSION

Mr. Hallberg has not exhausted his state court remedies or shown that it would be futile to try to do so. After he does so, he will have the opportunity to present his claims in federal court. For now, the Court will dismiss his petition without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**HON. JOSHUA D. WOLSON**
**UNITED STATES DISTRICT COURT JUDGE**

Dated:  July 23, 2020